750 So.2d 654 (1999)
J.M.B., Appellant,
v.
STATE of Florida, Appellee.
No. 97-03179.
District Court of Appeal of Florida, Second District.
June 25, 1999.
Rehearing Denied August 30, 1999.
James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
This appeal involves numerous cases in which J.M.B. was adjudicated delinquent. In all cases he was committed to the Department of Juvenile Justice at commitment level 10, followed by community control. One of the cases went to trial, and in that case J.M.B. claims the court failed to determine whether he voluntarily waived his counsel's potential conflict of interest. We find no merit in his argument, and affirm without discussion. In the other cases, J.M.B. contends that the court did not properly determine whether his guilty pleas were voluntary. As we will explain, this issue cannot be raised on direct appeal because J.M.B. did not ask to withdraw his plea. We affirm without prejudice to his filing a petition for writ of habeas corpus.
J.M.B.'s challenge to the voluntariness of his pleas is grounded on his assertion that the circuit court did not conduct an adequate plea colloquy. In a juvenile proceeding, the court is required to follow a set procedure in determining whether to accept a plea. See Fla. R. Juv. P. 8.080. We agree that the plea colloquy was inadequate. But our review of the statutes and rules applicable to appeals in juvenile delinquency cases leads us to the conclusion that a juvenile may not challenge the voluntariness *655 of his plea on direct appeal without first moving to withdraw the plea. Section 985.234, Florida Statutes (1995), states that appeals of juvenile delinquency cases are taken in the time and manner prescribed by the Florida Rules of Appellate Procedure. Under rule 9.145, appeals in delinquency cases follow rule 9.140, except as modified by rule 9.145. Rule 9.145(b), which addresses appeals by a child, does not mention appeals from plea agreements. These appeals would therefore be governed by rule 9.140(b)(2)(B)(iii), under which a direct appeal of the involuntariness of a plea is permitted only if preserved by a motion to withdraw.
A criminal defendant may contest the voluntariness of a plea after sentencing by filing a motion under Florida Rule of Criminal Procedure 3.850. This rule, however, does not apply to juvenile proceedings. See A.F. v. State, 718 So.2d 260, 262 (Fla. 1st DCA 1998); cf. T.G. v. State, 717 So.2d 128 (Fla. 4th DCA 1998) (explaining that Florida Rule of Criminal Procedure 3.800 does not apply in juvenile proceedings). But a writ of habeas corpus is available to a juvenile. See In Interest of W.B., 428 So.2d 309, 312 (Fla. 4th DCA 1983). We agree with the W.B. court's determination that the proper avenue for a juvenile to challenge the voluntariness of his plea is by petition for writ of habeas corpus in the circuit court. Accordingly, we affirm without prejudice to J.M.B.'s filing such a petition, if he desires.
Affirmed.
ALTENBERND, A.C.J., and BLUE, J., Concur.